Amanda Arceneaux **FONTENOT** et al.,
Appellants,

v.

**TEXAS COMPANY** et al., Appellees.

No. 17675.

United States Court of Appeals
Fifth Circuit.

May 26, 1959.

Jacque B. Pucheu, Eunice, La., Charles R. Cassidy, Jennings, La., for appellants.

Richard E. Gerard, Lake Charles, La., Wm. P. Hardeman, New Orleans, La., Cullen R. Liskow, Lake Charles, La., Richard S. Lake, William J. Conrad, Percy Sandel, New Orleans, La., Bailey & Mouton, Lafayette, La., Liskow & Lewis, Lake Charles, La., for appellees.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In a suit for the cancellation of an oil, gas and mineral lease the district court entered a judgment for the defendants which it designated as a summary judgment. It was, however, a judgment entered after a trial before the court without a jury upon agreed facts. The trial court made extended findings and conclusions. Fontenot v. Austral Oil Exploration Company, D.C., 168 F.Supp. 36. The conclusions reached by the district court are warranted by the facts of the particular case. The decision that the lease was not subject to cancellation is affirmed. We think, though, that here as in Amerada Petroleum Corporation v. Doering, 5 Cir., 1937, 93 F.2d 540, 114 A.L.R. 1385, the decree should be so modified as to require the appellees to commence further development or exploration within a fixed time or forfeit the lease. Therefore the decree is modified so that if the appellees shall fail to commence further drilling operations upon the lands suject to the lease within ninety days from the going down of our mandate, the lease shall stand forfeited except as to that portion thereof as the parties have agreed is being held by the producing well now on the leased property. As so modified the decree is affirmed. Costs will be taxed to the appellants.

Modified and affirmed.